## WHELAN *vs.* LYNCH, survivor, &c.

The plaintiff having sent twenty-one bales of wool to the defendants to sell, on his account, as his factors, subsequently (in October) gave them orders to sell the same, which were not complied with; whereupon the plaintiff abandoned the wool to the defendants, and sued to recover the value. A motion being made, to dismiss the complaint, because there was not sufficient evidence to prove the weight, or the grade of the wool, the same was denied. *Held* that the defendants having furnished proof in an account of sales of two bags of wool, rendered by them, of what that wool was sold for, that, together with proof as to the value of wool in October, was sufficient, if there was no other evidence, to warrant the jury in finding the value to be equal to the price it brought after being abandoned to the defendants. That at any rate, it placed the case before the jury in a condition which prevented the court from dismissing the complaint.

The judge instructed the jury that the plaintiff was entitled to recover " the highest price which wool of this description had reached in the market between October 24 and the time this suit was brought." *Held* that this rule was erroneous. That the factors had a reasonable time to comply with the orders to sell; and in the absence of any proof to the contrary, thirty days was a longer time than was necessary to enable them to obey such instructions. That if they had been obeyed, the moneys received would have been the price at which wool would have sold at that place; and that value was the sum which the plaintiff was entitled to recover.

*Held, also,* that the action being one in which the plaintiff was only to be indemnified for his actual loss arising from the disobedience of his instructions, his claim could in no event exceed what the wool would have sold for, at the

Whelan *v.* Lynch.

time when the order should have been obeyed, and interest from that time; and that was the proper rule of damages, instead of the one given to the jury.

THIS is an appeal by the defendant, from a judgment rendered on the verdict of a jury against the defendant, on a trial at the circuit, and also an appeal, by him, from an order denying a motion for a new trial, made upon the judge's minutes, upon exceptions taken at the trial, and for insufficient evidence and excessive damages.

*John E. Burrill*, for the appellant.

*Brewer, Kasmire & Leary*, for the respondent.

*By the Court*, INGRAHAM, P. J.    This action was brought to recover the value of twenty-one bales of wool sent to the defendants to be sold on account of the plaintiff, on which they made advances.   Orders were given to sell the same, which were not complied with, and the plaintiff abandoned the wool to the defendants and claims to recover the value.

A motion was made, to dismiss the complaint, because there was not sufficient evidence to prove the weight, or the grade of the wool; which motion was denied.   Neither of these defects in the proof destroyed the cause of action.   There was proof furnished by the defendant in the account of sales of two bags of wool, subsequently rendered to the plaintiff, of what that wool was sold for, which, with the evidence of Avery as to the value of wool in October, if there was no other evidence, was sufficient to warrant the jury in finding the value to be equal to the price it brought after he had abandoned it to the defendants.   At any rate, it placed the case before the jury in a condition which prevented the court from dismissing the complaint.

The objection to the testimony of Rockwell, as to the

value of city pulled wool, was not well taken. That was the character of the wool in controversy. If the plaintiff's wool was of an inferior quality, or in bad condition, it was in the power of the defendants to show those facts. The case relied on, in 42 *N. Y.* 251, was on a motion to strike out testimony without giving any sufficient reason therefor, and does not apply.

The objection to the price current is not without difficulty. It is usual, in connection with such evidence, to show how the same was made up, and where and how the information was obtained. The cases of *Lush* v. *Druse*, (4 *Wend.* 314,) and *Cliquot's Champaigne*, (3 *Wall.* 241,) seem to sustain its admission where the information comes from persons using it in their business. The evidence shows it to be the regularly published paper, taken from the files.

The instruction to the jury was that the plaintiff was entitled to recover "the highest price which wool of this description has reached in the market between October 24, and the time this suit was brought."

It is evident, on a little reflection, that this rule was erroneous. The orders to sell, were given in October, 1864. The factor had a reasonable time to comply. In the absence of any proof to the contrary, thirty days was a longer time than was necessary to have obeyed such instructions. If they had been obeyed, the moneys received would have been the price at which wool would have sold at that place ; and that value was the sum which the plaintiff was entitled to recover.

A contrary or different rule exists where the instructions are not to sell. There it has been held the principal may recover the highest price up to the commencing of the action. (*Scott* v. *Rogers*, 31 *N. Y.* 676.) In *Le Guen* v. *Gouverneur & Kemble*, (1 *John. Cas.* 436,) the rule was expressly held to be the value of the property at the time the breach of orders took place.

Several cases are cited, by the plaintiff's counsel, in

support of the rule as stated on the trial. All those cases were actions to recover for the sale of stocks without proper authority. The rule as laid down in these cases is peculiar to such actions, and has never been extended. (*Romaine* v. *Van Allen*, 26 *N. Y.* 309. *Scott* v. *Rogers*, 31 *id.* 678. *Burt* v. *Dutcher*, 34 *id.* 493. *Markham Jaudon*, 41 *id.* 245.)

As the action is one in which the plaintiff is only to be indemnified for his actual loss arising from the disobedience of his instructions, it is difficult to see how his claim could in any event exceed what the wool would have sold for, when the order should have been obeyed, and interest from that time. That was the proper rule, instead of the one given to the jury.

The rule in regard to the non-delivery of merchandise is similar to that applicable to the present case, viz: The difference between the agreed price and that at which the merchandise could be sold, when the action was against the vendee for not accepting, and when against the vendor for not delivering, the value of the article on the day when it should have been delivered.

The value of the article on the day of delivery (and in this case on the day when the same should have been sold) forms the most direct method of ascertaining the measure of indemnity. (*Dana* v. *Fiedler*, 12 *N. Y.* 40.)

The same case also decides that the plaintiff is entitled to recover interest on the amount of damages from the day when the damages are estimated.

If there was error in the rule of damages as above stated, the defendant would be entitled to a new trial, unless we can see that the error did not work any injustice to the defendant. It is urged that the amount of value allowed by the jury was within the limits, from October to January, and that this was a reasonable time to effect the sale.

Independent of the question, what would have been a reasonable time to sell, I am at a loss to see how we can

make any estimate of the basis on which the jury acted, in rendering their verdict. The shipping list contains quotations only of super-pulled, except in two or three instances, while the greater part of the lot in controversy was called lambs wool, and it contained only 674 lbs. of super. Which was the most valuable, or how the jury made up their verdict, does not appear from any thing in the case.

The price at which the defendants sold the plaintiff's wool was properly excluded. It furnished no proper evidence of the value of the wool in 1864. That sale was made in 1866 or 1867, and could not be used in any way as evidence to show the value of wool in 1864.

The objection as to the two bales sold and included in the account rendered was made too late, even if it could have been of any avail at any time. It was not made until after the verdict had been rendered by the jury. It was too late, then, to ask for any instructions, or for any reconsideration by the jury of their findings.

That account, as rendered, cannot be considered as waiving the previous instructions to sell; nor as holding the plaintiff bound by the subsequent acts of the defendant in selling the nineteen bales on hand. The plaintiff had, long before, notified the defendants of his intention to hold them liable for all the wool, in consequence of their disobedience of instructions; and as the jury have found such to be the fact, it did not avail the defendants to show that they afterwards sold the property, and notified the plaintiff thereof.

For the error in regard to the rule of damages, there must be a new trial.

Judgment reversed, and a new trial ordered; costs to abide the event.

[FIRST DEPARTMENT, GENERAL TERM, at New York, May 5, 1873. *Ingraham, Fancher* and *Davis*, Justices.]