DARIUS H. JOHNSON et al., Respondents, *v.* CAROLINE H. MEEKER, Executrix, etc., et al., Appellants.

Plaintiffs agreed to furnish to defendants a barge with a captain and crew, for the transportation of coal, for ten months at $300 per month. Defendants used the barge three or four months and then abandoned her lying at the dock, where she remained three months, and by exposure to the weather was being materially injured. Plaintiffs served upon defendants a notice that unless they used the barge plaintiffs would do so for the remainder of the term, giving to defendants credit for the net earnings, to which notice defendants made no response. Whereupon plaintiffs took and used the barge. In an action brought to recover as damages the amount unpaid on the contract, less such net earnings of

the barge, *held*, that plaintiffs were entitled to recover ; that their taking possession of and using the barge did not relieve defendants from liability.

Plaintiffs had recovered a judgment in a prior action brought to recover the agreed price for the first six months of the term. *Held*, that this was not a bar.

(Argued April 29, 1884 ; decided May 9, 1884.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, made December 12, 1883, which sustained exceptions taken on trial to set aside a verdict in favor of defendants and against a new trial. (Reported below, 31 Hun, 92.)

This action was brought to recover damages for an alleged breach of a contract for the use of plaintiffs' barge.

The material facts are stated in the opinion.

*Walter Edwards* for appellants. If the alleged charter or agreement was in force on September 27, 1876, then the defendants were entitled to the possession of the barge without interference or molestation on the part of the plaintiffs. (Story on Bailments, § 372; *Hartford* v. *Jackson*, 11 N. H. 145; *Hickok* v. *Buck*, 52 Vt. 149; *Bliss* v. *Schaub*, 48 Barb. 343; *Clarke* v. *Pooyer*, McMullen [S. C.], 134; Story, §§ 3, 385, 386; 2 Kent, 386, 586; Jones on Bailments, 86; *Mac-Kella* v. *Sigler*, 47 How. 20; *Shannon* v. *Burr*, 1 Hilt. 46; *Schinsler* v. *Ames*, 16 Ala. 73; *Marcardier* v. *Chesapeake Ins. Co.*, 8 Cranch, 49; *Leary* v. *U. S.*, 14 Wall. 610; *Hagar* v. *Clark*, 78 N. Y. 50.) The recovery in the former suit is a bar to this action. (2 T. & S. Pr. 283; 2 Wait's Pr. 561; *Dutch Ch.* v. *Brown*, 54 Barb. 191; *Haff* v. *Myers*, 42 id. 272; *O'Beirne* v. *Lloyd*, 43 id. 248; *Guernsey* v. *Carver*, 8 Wend. 492; *Stevens* v. *Lockwood*, 13 id. 644; *Bendernagle* v. *Cocks*, 19 id. 207; *Jex* v. *Jacobs*, 19 Hun, 105.)

*Joseph A. Shoudy* for respondents. It is by no means settled that, even in the case of a demise of real estate, where the premises are abandoned and left to neglect and decay,

the landlord may not enter and take possession, letting the premises for the tenant's account and holding him responsible for any deficiency in the rent. If proper notice is given, that course seems to be open to the landlord. (*Ladd* v. *Smith*, 6 Oregon, 316; *Walls* v. *Atcheson*, 3 Bing. 462; Wood's Landlord and Tenant, 844; *Bloomer* v. *Merrill*, 1 Daly, 485; *Loughran* v. *Smith*, 75 N. Y. 205.) The question in such cases seems to be whether there has been a surrender and acceptance, and in order to effect such surrender, there must be an agreement which terminates the lease. (*Bedford* v. *Terhune*, 30 N. Y. 44.) The law imposes the active duty upon the party subjected to injury by the breach of an agreement to render his damages as light as possible. (*Hamilton* v. *McPherson*, 28 N. Y. 72; *Hecksher* v. *McRay*, 24 Wend. 304; *Clark* v. *Marsiglia*, 1 Denio, 317; *Dillon* v. *Anderson*, 43 N. Y. 237; *Howard* v. *Daly*, 61 id. 362; *Polk* v. *Daly*, 14 Abb. [N. S.] 156.) Courts of justice are not inclined to construe a charter-party as a demise of the ship. (*Richardson* v. *Windsor*, 3 Cliff. 396.) When the charterer fails to supply a cargo, or refuses to perform the charter-party, it is the duty of the owners to secure new freight or a new charterer with as little delay as possible. (*Baetjer* v. *Bors*, 7 Ben. D. C. 289; *Ashburner* v. *Balchen*, 7 N. Y. 262; *Duffy* v. *Hayes*, 15 Johns. 321; Abb. on Ship. 411; *Murrell* v. *Whiting*, 32 Ala. 54.) The claim in suit not having matured at the time of the commencement of the former action it is not barred thereby. (*Beach* v. *Crain*, 2 Comst. 96; *Reformed Ch.* v. *Brown*, 54 Barb. 194; *Stowell* v. *Chamberlain*, 60 N. Y. 272.) This action is to recover for damages sustained by the plaintiffs in consequence of the breach of the appellant's contract by the neglect and disuse of the barge and is entirely distinct and different from that for which the former recovery was had. (*Perry* v. *Dickerson*, 85 N. Y. 345; *Palmer* v. *Hussey*, 87 id. 303.)

MILLER, J. By the contract between the plaintiffs and the defendants, so far as it can be ascertained from the imperfect

writing proven, and from the other evidence, the plaintiffs were to furnish a barge, properly supplied with captain and crew, to the defendants for the transportation of coal between Hoboken and Fall River, from the 1st of March, 1876, to the 1st of January, 1877, at $300 per month for two trips a month. Only two trips a month were made, and hence it is not important to determine what was intended by the provision in the contract that if they made more than two trips per month, they were to divide the excess equally. The defendants used the barge three or four months and then abandoned her lying at the dock in Hoboken. The evidence shows that the barge remained there about three months, lying exposed to the weather, the sides being dried and out of water some ten feet, the effect of which was to open the seams and let the oakum drop out and materially injure the barge. The plaintiffs took possession of and used the barge, and claim to recover in this action the difference between the price to be paid by the defendants for the use of the barge and the net amount of earnings received by the plaintiffs while using her.

The first question presented is whether the act of the plaintiffs, in taking possession of the barge and using her as already stated, annulled the contract and prevented a recovery for the amount due them on account of the contract of hire. The defendants' counsel claims that they had a right to the possession of the barge during the period for which she was hired; that they could use her or let her lie idle as they pleased ; that they might be liable in damages for injuries sustained by reason of their negligence, and that plaintiffs, by taking her out of defendants' possession, terminated the agreement and relieved the defendants from all further liability. By the contract the plaintiffs were to furnish the barge and the men to man it, and the defendants were to keep her employed in the business for which she was chartered. The defendants having refused to accept performance by the plaintiffs, and the barge, by reason of its exposure and want of use, depreciating in value and being likely to be seriously injured, we think that the plaintiffs had the right to resume full possession and to use the barge so as

to relieve the defendants from damages arising by reason of their neglect. They had also the right to protect their own property and prevent its going to destruction. It would seem to be quite clear that the plaintiffs were under no legal obligation to employ men to man the barge and allow them to remain idle and the barge to suffer from exposure and a failure to use her, as was shown by the evidence upon the trial, and then bring an action on the contract to recover the amount due as if the same had been actually performed. Defendants having refused to perform, the contract was broken by them, and the only question which remained was one of damages.

It is alleged in the complaint and admitted by the answer that before taking possession of the barge the plaintiffs served on the defendants notice that unless they used the barge the plaintiffs would do so for the remainder of the term, giving the defendants credit for whatever the net earnings might be. The defendants made no response to this notice and thus apparently acquiesced in the proposed action of the plaintiffs, claiming, as it would seem, that they were not liable under the contract. Even if it be conceded that the charter-party of the vessel is in the nature of a bailment, it does not necessarily follow that the same rule is applicable in such a contract as in cases of ordinary bailment for the hire of a chattel. The rule is well settled that the party who is injured by breach of an agreement is bound to do what lies in his power to render the damages as light as possible. (*Howard* v. *Daly*, 61 N. Y. 362 ; *Dillon* v. *Anderson*, 43 id. 231; *Hamilton* v. *McPherson*, 28 id. 72; *Clark* v. *Marsiglia*, 1 Denio, 317.) In contracts for hire upon the refusal to employ the person hired, it is the duty of the latter to seek other employment and reduce the damages. No reason exists why this rule should not apply to the case at bar. The plaintiffs were bound to pay the men employed to manage the barge, and the barge itself, as it was left and abandoned, was of no use to any one. In making an offer to use the barge and employ the men for the benefit of the defendants, and thus reducing the amount of their claim, the plaintiffs violated no rule of law, and no reported case holds

that the employment of the barge and men, under the circumstances presented by the evidence in this case, operates as an annulment of the contract. The plaintiffs merely acted in the line of their duty in thus seeking to reduce the amount of damages sustained by the defendants' abandonment of the contract.

It may also be observed that the charter-party of a vessel differs from all other contracts of bailment. The plaintiffs here furnished the captain and crew of the barge, thus retaining to some extent control over the same, and never parted with the actual possession thereof, and here lies the difference between this case and an ordinary bailment. The possession of the defendants was not absolute and exclusive, for the officers and men who manned the vessel were employed and paid by the plaintiffs and were only to a limited extent the servants of the defendants. The plaintiffs thus retained a right to the possession of the vessel, and the defendants had only the right to direct the officers and men of the plaintiffs as to the manner in which they should be employed. When they ceased to do this the plaintiffs committed no trespass in directing the use of the vessel for the benefit of the parties interested. There can be no question that when the charterer fails to supply a cargo or refuses to perform the contract, it is the right, if not the duty, of the owner to obtain new freight and a new charterer at the earliest practicable moment. The right of the bailee of a chattel to use and enjoy and possess it during the period for which it is let cannot, under ordinary circumstances, be questioned and he may prosecute to vindicate his rights when his possession is disturbed, but this general rule can have no application when the contract is in the nature of a charter-party and the rights of the parties are qualified by the peculiar character of the agreement, and, when, as in this case, upon the abandonment of the contract, it was essential that the property should be cared for, and, where the right of the plaintiffs to recover for damages would be affected by neglect to do what properly lay within their power, to reduce the amount. After a careful examination of the cases cited by the appellants' counsel we think it cannot be claimed that the defendants had

such a control over and possession of the barge as to prevent the plaintiffs, under the circumstances proved, from taking possession and employing the same in the manner which was done, for the purpose of reducing the amount of damages they were entitled to claim against the defendants.

The claim that there was no proof that the defendants agreed to hire the barge for ten months is not meritorious. The writing shows that the time for the beginning of the contract was on the 1st of March and its ending on the 1st of January, and although it is very indefinite as to its precise terms, sufficient appears to indicate that it was for ten months.

We think the former recovery was no bar to the present action. The recovery in the former action was for six months use of the barge which was due at the time, and no recovery could have been had for the four installments which subsequently became due. As the claim in this action was not due at the time of the commencement of the former it is not apparent how it can be barred thereby. The claim here is distinct and different from that for which the former recovery was obtained. There the demand was for the use of the barge for the period of six months at the price fixed by the contract, here the action is brought to recover damages for a breach of contract by the defendants arising from their neglect in not using the barge. We are unable to perceive how the former action can interfere with the right of the plaintiffs to recover in this action.

The order should be affirmed and judgment absolute ordered against appellants upon their stipulation.

All concur, except FINCH, J., absent.

Order affirmed and judgment accordingly.