### DUNN v. ALLEN et al.

(Supreme Court, Appellate Division, Fourth Department. November 27, 1900.)

1. CONTRACTS—BREACH.

     Where contractors hired certain canal boats for a fixed time, to be operated by the owner, and afterwards notified him that they would not be able to use the boats for the remainder of the agreed time, it was an express notice of the termination of the contract, which would entitle the owner to maintain an action for damages at the end of the agreed time.

2. DAMAGES—MEASURE OF BREACH OF CONTRACT.

     Where a contractor hires canal boats and teams for a fixed time, under a contract that they shall be operated by the owner, who shall furnish the required help, and the contract is broken by the contractor, the owner

may recover the contract price, less any deduction provided therein, and any expense avoided by the termination of the contract, and any sum which the owner and his boats and teams may earn in other employment by the exercise of reasonable diligence.

3. SAME—COMPUTATION OF DAMAGES.

Where a contract for the hire of canal boats to be operated by the owner is broken by the employer, and the owner sues for damages, the sum earned by the boats from other employment during the remainder of the term, which is to be deducted from the contract price in determining the damages, is to be computed by taking the gross sum so earned in connection with any increased expense in their operation over the expense which would have been necessary in performing the contract.

4. SAME—EXCESSIVE VERDICT—REVERSAL.

Where, in an action by the owner of canal boats for the breach of a contract for their use for a certain time, the owner is shown to have used his boats for other purposes after the breach, and the verdict is greater than the owner is entitled to recover if an allowance is made therefor, the judgment will be reversed.

Appeal from trial term, Erie county.

Action on contract by William Dunn against Henry C. Allen and another. From a judgment in favor of plaintiff, and from an order overruling a motion for a new trial, defendants appeal. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

George Clinton, for appellants.
Eugene W. Harrington, for respondent.

ADAMS, P. J. The defendants are contractors, and, as such, they had secured a contract from the state for the making of certain repairs upon the Erie Canal, which was known as "Contract No. 13." Work upon this contract was commenced in the year 1897, and in the performance thereof the defendants entered into a contract of hire with the plaintiff for the use of two canal boats, which contract was reduced to writing, and was fully performed by both parties thereto. The work under the state contract No. 13 not having been fully performed, the parties to this action had an interview about the 1st of May, 1898, which resulted in the defendants again hiring the plaintiff's boats, upon certain terms and conditions which were not reduced to writing, and which, while slightly differing in some respect from the contract of the year previous, included the hire of the plaintiff's two boats for the term of five months, at the rate of eight dollars per day for each of them. The plaintiff was to manage the boats himself, and furnish the necessary men and teams. It was also agreed that, in case of a break in the canal making it impossible to float the boats, pay should cease under the contract until navigation could be resumed, and that if both boats were idle on Sundays, the defendants should be required to pay for one boat only, or at the rate of eight dollars for each Sunday that both boats were idle. The canal was officially opened on the 5th day of May, 1898, and the contract of hiring commenced on that day. During the period of five months ensuing, there were several breaks in the canal which rendered navigation impossible, one of which occurred near Brockport, which suspended the contract for seven days, and one at Rochester, which

suspended the contract for ten days. Before the Rochester break had been repaired, so as to permit the boats to be used, the superintendent of public works informed the defendants that by reason of lack of funds further work upon the section of the canal to which this contract related would be suspended indefinitely; whereupon the defendants notified the plaintiff that they would not be able to use his boats for the remainder of the season, in accordance with the terms of the contract. This was an express notification to the plaintiff of the termination of the contract by the defendants, and its effect was to entitle the plaintiff, at the expiration of the term, to recover whatever damages he had sustained by reason thereof. Such damages would be the contract price, less (1) the deductions expressly provided for therein; (2) any expense that would have been incurred in its performance, but which could be reasonably avoided on account of its termination by the defendants; and (3) less, also, such sum as the plaintiff, his team and boats, earned, or could by the exercise of reasonable diligence have been made to earn, in other employment during the contract period. Johnson v. Meeker, 31 Hun, 92; Id., 96 N. Y. 93; Allen v. McConihe, 124 N. Y. 342, 26 N. E. 812. To determine the amount that should be deducted from the contract price on account of earnings by the boats from other employment, the gross sum received from such other employment should be taken as the basis. If the plaintiff incurred the same expense only in such other employment as he would in performing the contract with the defendants, such gross sum would represent the amount to be deducted; but if he reasonably incurred additional expense, that should first be deducted from such gross sum. It appears that the plaintiff did use his boats and teams for other purposes during some portion, at least, of the time covered by the contract with the defendants, and that they were thereby enabled to earn for him an amount which, under the rule as above stated, should be deducted from the damages to which he would otherwise have been entitled. But the verdict of the jury indicates beyond all question that the rule of damages was not so clearly stated by the learned trial court as to enable the jury to make the proper computation of the damages to which the plaintiff was entitled, for by no reasonable construction of the evidence can it be said that the plaintiff is entitled to recover as much as was awarded him by the jury. For this reason, we think the judgment and order appealed from should be reversed, and a new trial ordered. Judgment and order reversed, and new trial ordered, with costs to the appellant to abide event. All concur.