WILLIAM DUNN, Respondent, *v.* HENRY C. ALLEN and JOHN A.
SEELY, Appellants.*

*Contract for the service of a canal boat, men and teams — measure of damages which
a contractor may recover where he is notified not to do any more work under it.*

Where persons having a contract with the State of New York for repairing the
Erie canal, upon receiving notice from the Superintendent of Public Works
that work under the contract will be suspended on account of the lack of funds,
notify a party with whom they have made a contract for the use of two canal
boats and the necessary men and teams for a definite period, that they will not
be able to use his boats for the remainder of the contract period, the canal boat
owner is entitled to recover, as damages, the contract price, less (1) the deduc-
tion expressly provided for in the contract; (2) any expense which would have
been incurred in its performance, but which could be reasonably avoided on
account of its termination by the contractors, and (3) less such sum as the canal
boat owner, the teams and boats earned, or could, by the exercise of reasonable
diligence have been made to earn, in other employment during the contract
period.

In determining the amount that should be deducted from the contract price on
account of earnings by the boats from other employment, the gross sum received
from such other employment should be taken as the basis; if the canal boat
owner incurred the same expense only in such other employment as he would
in performing the contract, such gross sum would represent the amount to be
deducted; but if he reasonably incurred additional expense, that should first
be deducted from such gross sum.

APPEAL by the defendants, Henry C. Allen and another, from a
judgment of the Supreme Court in favor of the plaintiff, entered in
the office of the clerk of the county of Erie on the 5th day of Feb-
ruary, 1900, upon the verdict of a jury, and also from an order
entered in said clerk's office on the 15th day of February, 1900,
denying the defendants' motion for a new trial made upon the
minutes.

*George Clinton,* for the appellants.

*Eugene W. Harrington,* for the respondent.

ADAMS, P. J. :

The defendants are contractors, and as such they had secured a
contract from the State for the making of certain repairs upon the

* This case was decided at the November term, 1900.

Erie canal which was known as contract No. 13. Work upon this contract was commenced in the year 1897, and in the performance thereof the defendants entered into a contract of hire with the plaintiff for the use of two canal boats, which contract was reduced to writing and was fully performed by both parties thereto. The work under the State contract No. 13 not having been fully per formed, the parties to this action had an interview about the 1st of May, 1898, which resulted in the defendants again hiring the plaintiff's boats upon certain terms and conditions, which were not reduced to writing, and which, while slightly differing in some respects from the contract of the year previous, included the hire of the plaintiff's two boats for the term of five months, at the rate of eight dollars per day for each of them. The plaintiff was to manage the boats himself and furnish the necessary men and teams. It was also agreed that in case of a break in the canal making it impossible to float the boats pay should cease under the contract until navigation could be resumed; and that if both boats were idle on Sundays the defendants should be required to pay for one boat only, or at the rate of eight dollars for each Sunday that both boats were idle.

The canal was officially opened on the 5th day of May, 1898, and the contract of hiring commenced on that day. During the period of five months ensuing there were several breaks in the canal which rendered navigation impossible; one of which occurred near Brockport, which suspended the contract for seven days, and one at Rochester, which suspended the contract for ten days.

Before the Rochester break had been repaired so as to permit the boats to be used, the Superintendent of Public Works informed the defendants that by reason of lack of funds further work upon the section of the canal to which this contract related would be suspended indefinitely; whereupon the defendants notified the plaintiff that they would not be able to use his boats for the remainder of the season in accordance with the terms of the contract.

This was an express notification to the plaintiff of the termination of the contract by the defendants, and its effect was to entitle the plaintiff, at the expiration of the term, to recover whatever damages he had sustained by reason thereof. Such damages would be the contract price, less (1) the deductions expressly provided for therein;

(2) any expense that would have been incurred in its performance, but which could be reasonably avoided on account of its termination by the defendants; and (3) less, also, such sum as the plaintiff, his teams and boats, earned or could by the exercise of reasonable diligence have been made to earn in other employment during the contract period. (*Johnson* v. *Meeker*, 31 Hun, 92; 96 N. Y. 93; *Allen* v. *McConihe*, 124 id. 342.) To determine the amount that should be deducted from the contract price on account of earnings by the boats from other employment, the gross sum received from such other employment should be taken as the basis. If the plaintiff incurred the same expense only in such other employment as he would in performing the contract with the defendants, such gross sum would represent the amount to be deducted; but if he reasonably incurred additional expense, that should first be deducted from such gross sum.

It appears that the plaintiff did use his boats and teams for other purposes during some portion at least of the time covered by the contract with the defendants, and that they were thereby enabled to earn for him an amount which, under the rule as above stated, should be deducted from the damages to which he would otherwise have been entitled. But the verdict of the jury indicates beyond all question that the rule of damages was not so clearly stated by the learned trial court as to enable the jury to make the proper computation of the damages to which the plaintiff was entitled; for by no reasonable construction of the evidence can it be said that the plaintiff is entitled to recover as much as was awarded him by the jury.

For this reason we think the judgment and order appealed from should be reversed and a new trial ordered.

All concurred.

Judgment and order reversed and new trial ordered, with costs to the appellants to abide event.