RUSCH et al. v. KLAUSNER et al.

(Supreme Court, Appellate Term. June 25, 1909.)

1. ACTION (§ 27*)—NATURE—ACTION FOR GOODS SOLD AND DELIVERED.
    An action for the price of goods sold and delivered is an action upon a debt that has accrued, and does not sound in damages.
    [Ed. Note.—For other cases, see Action, Cent. Dig. §. 161; Dec. Dig. § 27.*]

2. SALES (§ 340*)—REFUSAL OF BUYER TO ACCEPT—REMEDIES OF SELLER.
    Where a buyer refused to accept and pay for goods bought, the seller may retain the goods for the buyer and sue for the price, or sell the goods as agent of the buyer, apply the proceeds upon the price, and hold the buyer for the balance, if any, or may keep the goods as his own and sue as for damages sustained for the difference between the contract price and the market price.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 927–942; Dec. Dig. § 340.*]

3. JUDGMENT (§ 601*)—RES JUDICATA—MATTERS CONCLUDED.
    Where plaintiff sold defendants 10,000 pounds of merchandise, and after part of it was delivered and paid for 400 pounds were delivered and not paid for, and defendants refuse to accept and pay for the remainder, and plaintiffs sued for the price of the 400 pounds, the judgment in the action was not a bar to a subsequent action for damages for refusal to take and pay for the merchandise rejected.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1116; Dec. Dig. § 601.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Adolph Rusch and another, copartners, against Samuel Klausner and another, copartners. Judgment for plaintiffs, and defendants appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

L. & M. Blumberg, for appellants.

Blumenstiel & Blumenstiel, for respondents.

MacLEAN, J. The defendants contend that a prior action between the parties herein with reference to the same subject-matter is a bar to the maintenance of the present action, and therefore appeal from the judgment herein rendered in favor of the plaintiffs.

The record discloses little evidence, much colloquy, admissions and modifications of counsel, and statements of admissions by the court not borne out by the record, with the result that facts, in a case where seemingly there was or should be little, if any, complication, and where, it would seem, that a clear presentation of facts by agreement were easily possible, are quite obscure. The complaint declares for damages for the breach of three separate contracts for the sale and purchase of merchandise, but for the present determination attention to one contract and one cause will suffice; the remaining two contracts and causes being treated by the parties as on a par.

According to the complaint and the contention of the plaintiffs, they on October 29, 1906, agreed to sell and the defendants agreed to purchase 10,000 pounds of merchandise at the agreed price of 19¾ cents per pound, to be delivered as called for within a reasonable time on demand. Subsequently 4,800 pounds were called for, delivered, and paid for. Thereafter 400 pounds were delivered and not paid for, and the defendants refused to accept and pay for the remaining 4,800 pounds. The plaintiffs then prosecuted to judgment the former action, claimed by the defendants to be a bar to the present action, for the price of goods, the 400 pounds, sold and delivered, and so the complaint attached to the judgment roll in the former action declares. That action was for the price of goods sold and delivered, an action upon a debt that had accrued and that did not sound in damage, Mitchell v. Gile, 12 N. H. 390, 391.

The present action is upon a distinct cause of action, not for the price, but for damage for refusal to take and pay for the remaining 4,800 pounds of the merchandise agreed to be purchased, the only action in some jurisdictions that the plaintiffs under the circumstances would be entitled to bring. In this jurisdiction, however, the plaintiffs have an election of remedies. They may retain the merchandise for the defendants, and sue for the price, or they may sell the merchandise, acting as agents of the defendants, apply the proceeds upon the price, and hold them for the balance, if any, or they may keep the merchandise as their own, and sue the defendants for damages sustained, for the difference between the contract price and the market price. Dustan v. McAndrew, 44 N. Y. 72; Mason v. Decker, 72 N. Y. 595, 28 Am. Rep. 190.

While the plaintiffs might have made their claim under the first above-mentioned remedy in the former action for the refusal of the defendants to take and pay for the remaining 4,800 pounds, they were not bound to do so, as that would deprive them of their election or option under the law of this state; and although they might have prosecuted their present claim, electing to pursue the third of the above-mentioned remedies, in the former action, they were not bound to do so

(Johnson v. Meeker, 96 N. Y. 93, 48 Am. Rep. 609; Perry v. Dickerson, 85 N. Y. 345, 39 Am. Rep. 663), and therefore the present action was not barred. The judgment must therefore be affirmed.

Judgment affirmed, with costs. All concur.