MICHAEL SARACENA, Respondent, v. GRETCHEN PREISLER and WILLIAM VICTOR PREISLER, Appellants.

First Department, December 7, 1917.

Landlord and tenant — action for rent — defense — acceptance by landlord of tenant's surrender or abandonment of premises — when landlord not bound to minimize loss — surrender by operation of law — appeal — practice — variance between proof and complaint.

In an action to recover rent under a sublease it appeared that the plaintiff, the lessee of rooms in which he had conducted a barber shop and Turkish bath, sublet to the defendants the rooms in which he had conducted

the Turkish bath, together with certain tools and fixtures at a certain rental, payable in monthly installments in advance; that the lease contained the usual re-entry clause authorizing plaintiff to re-enter and relet the premises as the agent of the tenant; that the defendants quit the premises before the expiration of their term, without having paid the rent due, and on said day the plaintiff resumed possession and proceeded to conduct the business. The plaintiff alleged the abandonment of the premises, re-entry as agent for the defendants, diligent efforts to relet without success, and asked judgment for the rent due and unpaid, but no mention was made of the fact that the plaintiff had been conducting the business during the period for which rent was demanded, and no reduction was made in the claim on account thereof. The defendants pleaded fraud in procuring the lease, surrender and acceptance, conduct of the business by the plaintiff without authority, and that if the action should be decided in favor of the plaintiff, the defendants should be entitled to set off the profits of the business received by the plaintiff. The defense of fraud failed and the only remaining issue was whether the evidence established an acceptance of the defendants' surrender or abandonment of the premises.

*Held*, that although there was a serious variance between the proof and the complaint, this may be disregarded under section 1317 of the Code of Civil Procedure, requiring judgment to be given without regard to technical errors or defects not affecting the substantial rights of the parties;

That the evidence established an acceptance of the defendants' surrender or abandonment of the premises, and that, therefore, the complaint should be dismissed on the merits.

There was no duty on the part of the plaintiff to minimize the loss as the lease was mainly of real property, and there was no threatened loss or injury thereto.

An abandonment of premises coupled with the refusal to pay rent, when acted upon by the landlord in such a manner as to show that he intended to resume control for his own benefit and not for the benefit of the outgoing tenants, is equivalent to surrender by operation of law.

A landlord cannot resume possession of premises abandoned by a tenant and, while using them for his own personal benefit, hold the tenant for rent.

APPEAL by the defendants, Gretchen Preisler and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 10th day of February, 1917, as amended.

The judgment was entered upon the verdict of a jury rendered by direction of the court. Defendants further appeal from an order entered in said clerk's office on the 13th day of Feoruary, 1917, denying their motion for a new trial made upon the minutes.

*Joseph Rowan* of counsel [*Joseph H. Hayes* with him on the brief], for the appellants.

*Joseph A. Burdeau,* for the respondent.

SHEARN, J.:

The defendants appeal from a judgment entered upon a directed verdict in an action to recover $3,500 and interest, alleged to be due as rent under a lease of real property. The plaintiff was the lessee of certain rooms in the Pulitzer Building, in which for a considerable period of time prior to the lease in suit he had conducted a barber shop and a Turkish bath. On September 1, 1914, plaintiff sublet to the defendants that portion of the establishment in which he had conducted the Turkish bath at a rental of $3,000 per annum, payable in equal monthly installments in advance during the term of the sublease, which was from September 1, 1914, to April 30, 1918. This lease provided that the tenant should have the right of access to the demised premises and egress therefrom by means of the entrance door to plaintiff's barber shop and that the demised premises should be used and occupied as a properly conducted Turkish bath. By the same instrument the plaintiff leased to the defendants certain tools, implements, utensils and fixtures, useful in the conduct of a Turkish bath in the premises. The lease contained the usual re-entry clause, authorizing the plaintiff to · re-enter and relet the premises as the agent of the tenant, who agreed to remain liable for any deficiency. The defendants entered into possession on September 1, 1914, and quit on December 14, 1914, without having paid the rent due December 1, 1914. On the very day that the defendants abandoned the premises, plaintiff, who was still conducting his barber shop in the rooms opening into the Turkish bath, resumed possession of the entire premises and proceeded to conduct the business of the Turkish bath. Plaintiff made several fruitless efforts to relet the demised premises and in the meantime brought suit against the defendants in the Municipal Court for the December, 1914, installment of rent. The defendants claimed fraud in procuring them to make the lease and four jury trials in the Municipal Court resulted in as many disagreements.

On February 3, 1916, the plaintiff made application to the board of health for permission to operate the Turkish bath in his own name. On February 24, 1916, this action was begun, plaintiff alleging the abandonment of the premises by the defendants, the re-entry by plaintiff as agent for the defendants, diligent efforts to relet without success, and judgment was asked for " due and unpaid rent under said lease from January 1, 1915, to and including February 1, 1916." No mention was made in the complaint of the fact that plaintiff had been conducting the business of the Turkish bath in the premises during the period for which rent was demanded and no reduction was made in the rent demanded by reason of the profits of such business. The defendants set up fraud in the procuring of the lease, surrender and acceptance, the conduct of the business of the Turkish bath by plaintiff in his own behalf without any right under the sublease and without any authority from the defendants, and, finally, that if the action should be decided in favor of the plaintiff, the defendants would be entitled to set off as against the damages which might be awarded the plaintiff, the money taken in by the plaintiff, or such portion thereof as the court might deem proper to allow as a set off. The defense of fraud failed and the only issue left was whether the evidence established an acceptance of the defendants' surrender or abandonment of the premises. Both sides moved for a direction and on the denial of the defendants' motion application was made to submit the issue to the jury.

It is a serious question whether the complaint should not have been dismissed because of the form of the action. As it appeared, when the proof was in, that plaintiff, if entitled to recover at all, was only entitled to damages measured by the difference between the rent reserved and the profits of conducting the business as the agent of the defendants, there was a serious variance between the proof and the complaint, in which the plaintiff claimed rent due and unpaid under the lease. However, as the defendants asked in their answer to be allowed an offset because of the conduct of the business by the plaintiff, in the event of plaintiff's success in the action, and as all the facts were before the court necessary for a determination of the issues on the merits, the case of *Hall* v.

*Gould* (13 N. Y. 127), together with the provisions of section 1317 of the Code of Civil Procedure, requiring judgment to be given without regard to technical errors or defects not affecting the substantial rights of the parties, would justify our refusal to disturb the judgment on this ground.

On the issue of plaintiff's acceptance of the defendants' abandonment of the premises and resumption of possession for his own benefit, concededly there is nothing in the lease and there is no evidence conferring any authority on the plaintiff to conduct the Turkish bath business in the demised premises as the agent of the defendants. Plaintiff justifies his most unusual course by claiming that he had a right to minimize the damage flowing from defendants' breach, drawing analogy to the case of *Johnson* v. *Meeker* (96 N. Y. 93). It is not pretended that there was any duty on the part of the plaintiff to minimize the loss, and of course there was not, the lease being of real property. (*Gray* v. *Kaufman Dairy & Ice Cream Co.*, 9 App. Div. 115, 119; revd., on other grounds, 162 N. Y. 388.) But, it is said, this lease included personal property and, therefore, the principle of *Johnson* v. *Meeker* (*supra*) should apply. The facts in that case were peculiar. The action was brought upon an alleged breach of contract for the charter of a barge owned by the plaintiffs. By the contract the plaintiffs were to furnish the barge and the men to man it, and the defendants to keep the barge employed in the business for which it was chartered. The defendants used the barge three or four months and then abandoned it and left the barge lying at a dock, where it remained for about three months, lying exposed to the weather, the sides being dried and out of water some ten feet, the effect of which was to open the seams and let the oakum drop out and materially injure the barge. Under these circumstances the plaintiffs took possession and used the barge and claimed to recover in the action the difference between the price to be paid by the defendants for the use of the barge and the net amount of earnings received by the plaintiffs while using the barge. The Court of Appeals held that as the barge, by reason of its exposure and want of use, was depreciating in value and likely to be seriously injured, the plaintiffs had the right to resume full possession and use it so as to relieve

the defendants from damages arising from their neglect; also that plaintiffs had the right to protect their own property and prevent its going to destruction. Furthermore, in that case the plaintiffs had served on the defendants before taking possession of the barge a notice that unless the defendants used the barge the plaintiffs would do so for the remainder of the term, giving defendants credit for whatever the net earnings might be, to which notice defendants made no response, thus, as the court held, apparently acquiescing in the proposed action of the plaintiffs. In the case at bar, not only was the subject of the lease mainly real estate, but there was no threatened loss or injury to the leased property and there was no notice ever given the defendants before the plaintiffs took possession. There appears, therefore, to be no analogy between the facts of the two cases which would justify extending the principle of *Johnson* v. *Meeker* (*supra*) — the case of a charter of a vessel — to a lease of real property, simply because certain items of personal property were included in the lease.

Not only was plaintiff's resumption of possession of the demised premises and conducting a business therein in his own name totally inconsistent with a continuation of the lease, and of any rights of the defendants under the lease, but the retention by the plaintiff of all the profits of the business, his failure to disclose in the complaint or otherwise, that there had been any profits, and his attempt in this action to hold the defendants for the entire rent reserved, without any allowance for the earnings of the business, establish conclusively, in the absence of any evidence to the contrary, a surrender by operation of law. It is true that there was no offer on the part of the defendants to terminate the lease, which offer as such was accepted by the plaintiff; but an abandonment of the premises, coupled with a refusal to pay rent, when acted upon by the plaintiff in such manner as to show that he intended to resume control for his own benefit and not for the benefit of the outgoing tenants, is equivalent to surrender by operation of law. Clearly a landlord cannot resume possession of premises abandoned by a tenant and, while using the premises for his own personal

benefit, hold the tenant for rent. Ordinarily, in such cases it is a question of fact whether the landlord resumed possession for his own benefit or to relet as agent for the tenant and the issue depends upon all of the surrounding circumstances. In this case, however, there is not an item of evidence from which it could be inferred that the plaintiff did not resume possession for his own exclusive benefit.

It follows that the judgment and order should be reversed, with costs, and the complaint dismissed upon the merits, with costs.

CLARKE, P. J., LAUGHLIN, DOWLING and PAGE, JJ., concurred.

Judgment and order reversed, with costs, and complaint dismissed, with costs.