Scileppi, J.
(dissenting). The majority merely says that both courts below should be reversed because the amount of damages awarded is too high, and the testimony of a partisan expert that a well might produce a sufficient supply of water was not credited. These determinations are merely factual, and, I suggest, conclusively determined (Cohen and Kargex, Powers of the New York Court of Appeals, § 100, p. 452).
While I agree that the duty to mitigate damages is on the claimant if it is reasonably possible to do so, and the burden of proof on the need to mitigate damages is on the State, I am of the opinion that the Court of Claims had no alternative but to accept the claimant’s proof on the question of damages, for the State offered nothing more than evidence which was highly speculative. It failed to offer any substantial evidence upon which to base any other finding. The claimant was not required to bear the cost of experimenting with the State’s method, i.e., well drilling (Allen v. McConihe, 124 N. Y. 342; Leonard v. New York, Albany & Buffalo Tel. Co., 41 N. Y. 544). The State, if anyone, should have undertaken such a step and offered the results as proof of its case.
On this branch of the case, I see nothing more than an affirmed factual finding which we cannot review (CPLR. 5501, [b]; People ex rel. MacCracken v. Miller, 291 N. Y. 55, 61; cf. Matter of City of New York [Clearview Expressway], 9 N Y 2d 439, 441; see Cohen and Karger, op. cit., supra, p. 449).
On this record, the court was more than justified by the proof in coming to the conclusions reached in making the award herein, except so much thereof as was modified by the Appellate Division dealing with the capitalization process employed by the trial court. The Appellate Division’s modification of the judgment of the Court of Claims should be affirmed.
Chief Judge Desmond and Judges Ftjld, Van Voorhis, BuRke, Bergan and Keating concur in Per Curiam opinion; Judge Sgilbppi dissents in a separate opinion.
Order reversed and new trial granted, with costs to abide the event.