ANDREW P. FLEMING, ESQ., Appellant, v JAMES R. WALSH, ESQ., et al., Respondents. [782 NYS2d 485]—

Appeal from an order of the Supreme Court, Erie County (David J. Mahoney, J.), entered September 23, 2003. The order, insofar as appealed from, granted in part the motion of defendants James R. Walsh, Esq. and Kathleen M. Walsh for partial summary judgment, dismissed the second, third, fourth, fifth, sixth and seventh causes of action and denied plaintiff's cross motion for summary judgment dismissing the first and second counterclaims.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying that part of the motion of defendants James R. Walsh, Esq. and Kathleen M. Walsh with respect to the second cause of action and reinstating that cause of action and as modified the order is affirmed without costs.

Memorandum: Plaintiff lessee commenced this action seeking, inter alia, judgment declaring that the lease dated June 30, 1994 "was terminated through surrender and acceptance by operation of law" in September 1998 and that plaintiff therefore had no obligation to pay rent under the lease after that date. According to plaintiff, after he and defendant Robert G. Walsh, Esq. (Robert) defaulted on the lease by failing to pay rent, defendant lessors relet the premises to Robert at a rate below "the highest rent obtainable" as required by the lease, and Robert and defendant James R. Walsh, Esq. (James), one of the lessors, engaged in the practice of law from the premises. Supreme Court, inter alia, granted that part of the motion of James and defendant Kathleen M. Walsh (Kathleen) that the court deemed to be seeking partial summary judgment dismissing the second cause of action, although the motion expressly referred only to the fourth and fifth causes of action. In addition, the court, inter alia, denied that part of plaintiff's cross motion seeking dismissal of the two counterclaims.

Addressing first plaintiff's cross motion, we conclude that the court properly denied that part of the cross motion with respect to the counterclaims inasmuch as there are issues of fact whether the premises were relet for the "highest rent obtainable," as required by paragraph 19 (f) of the lease. Furthermore, as the court properly determined, a failure to relet the premises for the highest rent obtainable is relevant with respect to the amount of damages recoverable by James and Kathleen on the counterclaims (see Fermaglich v Warshawiak, 42 Misc 2d 1077, 1081 [1964]).

We further conclude, however, that the court erred in granting that part of the motion of James and Kathleen with respect to the second cause of action, seeking a declaration with respect to surrender and acceptance. There is an issue of fact whether James resumed possession of the premises for his own benefit (see Centurian Dev. v Kenford Co., 60 AD2d 96, 100 [1977]; see also Saracena v Preisler, 180 App Div 348, 353-354 [1917]). We therefore modify the order accordingly. In any event, we note that the proper disposition with respect to the second cause of action would have been a declaration rather than dismissal of that cause of action (see generally Pless v Town of Royalton, 185

AD2d 659, 660 [1992], *affd* 81 NY2d 1047 [1993]). Present—Green, J.P., Kehoe, Martoche and Hayes, JJ.