## ROHRABACHER v. WARE.

1. **Evidence**: PAROL EVIDENCE. While parol evidence of a prior or contemporaneous verbal warranty is not admissible where the contract of sale was reduced to writing, such evidence is admissible to show fraud on the part of the seller, and that by reason of his false and fraudulent representations, the buyer was induced to enter into the written agreement without warranty.

2. **Contract**: BAILMENT. Where a party agreed to keep sheep for another in the best possible manner, well defended from storms, well fed, etc., it was *held* error to instruct the jury that he would not be liable for negligence or ill treatment of the sheep unless the same were his own act, or "known to and tolerated by him."

3. **Jury**: COURT: PROVINCE OF. It is the duty of the court to construe a written contract, and error to refer the same to the jury.

*Appeal from Black Hawk District Court.*

THURSDAY, SEPTEMBER 18.

IT is alleged in the petition that the defendant, in October, 1866, for the purpose of inducing the plaintiff to lease of the defendant a lot of sheep, represented to the plaintiff that the sheep were sound and free from disease; that he warranted them to be so; that the plaintiff, relying upon said representations and warranty, took of defendant 190 sheep; that said representations were false and fraudulent; that the sheep had a disease called the "scab;" that in consequence of said false representations and warranty, plaintiff put said sheep with a flock of other sheep of his own to which the disease was communicated, whereby he has sustained damages in the sum of $1,000.

The answer denies each of the allegations of the petition except that defendant leased the plaintiff 190 sheep in the fall of 1866, which contracts of lease he alleges were in writing, copies of which are annexed to the answer.

Defendant also claims damages which he alleges he has sustained by reason of the plaintiff failing and neglecting to properly care for the sheep leased and the wool taken therefrom. A reply was filed denying this claim, and the issues were tried to a jury. Verdict and judgment for plaintiff. Defendant appeals.

*Miller & Preston* for the appellant.

*Boies, Allen & Couch* for the appellee.

MILLER, J. — Appellant assigns as error the admission of certain testimony on part of the plaintiff, which was duly excepted to at the time. The testimony received was offered for the purpose of showing that the defendant, by falsely and fraudulently representing the sheep to be sound and free from disease, etc., induced the plaintiff to take them and to enter into the written contract with the defendant. This written contract contains no warranty of the soundness of the sheep.

1. EVIDENCE: parol.

The rule is well settled that prior or contemporaneous parol agreements or stipulations of the parties are inadmissible to vary or contradict the terms of a valid written agreement. This rule is too well established to require the citation of cases. It rejects parol evidence offered for the purpose of showing that the contract is other or different from that contained in the writing itself. This rule, however, has exceptions which are as well settled as is the rule. One is that such evidence is admissible for the purpose of showing fraud practiced by one party upon the other in the making of the contract, either that the written contract on account of the fraud of one of the parties fails to express the entire true terms of the contract, or that the one party, through the fraud of the other, was deceived into making the agreement, thereby showing the instru-

Rohrabacher v. Ware.

ment to be void, or without legal existence, or binding force. 1 Greenl. on Ev., § 284, and cases cited; *Erwin* v. *Sanders*, 1 Cow. 249; *Van Valkenburgh* v. *Brown*, 12 Johns. 337; *Gelpcke, Winslow & Co.* v. *Blake*, 15 Iowa, 387, and cases cited; *Jack* v. *Naber*, id. 451.

If the evidence admitted tended to show that, by the false and fraudulent representations of the defendant in respect to the soundness of the sheep, the plaintiff was induced to enter into the written agreement without warranty, then such evidence was properly admitted. The written agreement did not estop the plaintiff from proving fraud and deceit practiced by the defendant. Such evidence is not an infringement of the rule excluding parol evidence to vary or contradict the *terms* of a written contract. And it is no objection to such evidence that it tends also to prove a parol warranty of the soundness of the sheep. Parol evidence of a prior or contemporaneous oral warranty, unmixed with fraud, is not admissible under the rule, but parol evidence is admissible to establish fraud, though it may also tend to prove a parol warranty which was not carried into the written agreement, for the fraud may consist in procuring a written contract to be entered into not containing the warranty.

A majority of the court hold that the evidence admitted tended to show the fraud alleged and was properly admitted. To this holding I dissent. In my judgment the evidence objected to in no degree whatever tends to show fraud. All that it tends to establish is that during the negotiation about the sheep and prior to the making of the written contract the defendant made a parol warranty of the sheep. In my judgment this is the utmost effect that can be given to this evidence.

II. The court gave the following instructions to the jury: "If the jury believe from the evidence that the plaintiff failed to take proper care of the sheep in question, and that by his neglect, ill-treatment or abuse any of said sheep, or their increase, died or were lost to defendant, then you will find the value of such sheep

2. CONTRACT: bailment.

and increase so lost for the defendant; but such neglect or ill-treatment must be that of the plaintiff, or it must have been known to him and tolerated by him." This instruction was intended to govern the liability of the plaintiff upon the counter-claim of defendant for damages for neglect and ill-treatment of the sheep by the plaintiff. There was evidence making the instruction applicable. Appellant insists that it was erroneous in limiting plaintiff's liability to neglect, ill-treatment or abuse done by himself, or by others with his knowledge and assent. We think the instruction is vulnerable to this objection. By the terms of the written contract under which the plaintiff had the sheep in his possession, he was bound "to keep said sheep in the best possible manner, both in summer and winter, and well defended from storms; well fed with grass, grain and hay," etc. It was his duty to see that the sheep were not neglected, abused or ill-treated. The written contract did not permit him to employ others to care for the sheep and release him from all obligations to see that his employees took such care of them as he had bound himself by his contract to do. He could not shut his eyes to the treatment received by his employees. His engagement was an affirmative one "to keep the sheep in the best possible manner," which his ignorance of the manner in which they were kept by his employees would not excuse.

III. In the next instruction the court submitted to the jury the question, whether, by the contract, the plaintiff "was bound to properly and carefully feed, shelter, herd and protect said sheep and their increase," etc. This was erroneous. The contract being in writing it was the province and duty of the court to construe it and inform the jury what the plaintiff's duty in the premises was. The construction of the written contract was a question of law for the court, and not one of fact for the jury. See *Eyser* v. *Weissgerber*, 2 Iowa, 463; *The State* v. *Delong*, 12 id. 453; *Lucas* v. *Snyder*, 2 G. Greene, 499; *Potter et al.* v. *Wooster*, 10 id. 334; *Thorp, Smith & Hanchett* v. *Craig*, id. 461.

3. JURY: court: province of.

The fourteenth instruction given by the court is likewise a submission to the jury of the construction of the written contract between the parties, and erroneous.

For the errors noticed the judgment of the court below is

Reversed.