42 589
108 707

GRIMES v. THE SIMPSON CENTENARY COLLEGE.

1. **Evidence**: COPY OF A WRITING. Before the copy of an instrument can be admitted in evidence, even though its correctness be unquestioned, the loss of the original must be satisfactorily established.

2. ———: CONTRACT: CONSTRUCTION. Any patent ambiguity in a written instrument may be explained by parol; and thus it is competent to show who were intended to be included in the terms of a written contract.

3. **Instruction**: APPLICABILITY. The giving of an instruction based upon a theory not sustained by the evidence is erroneous.

*Appeal from Warren District Court.*

TUESDAY, APRIL 4.

JACOB REICHARD made a contract with the defendant to erect certain buildings. He had on hand considerable material, and was largely indebted to his mechanics, among whom was the plaintiff. Being unable to pay, his workmen refused to work any more unless what was due them was either paid or secured. Thereupon a new contract was entered into between said Reichard and the defendant for the completion of said buildings, by which the defendant "assumed and agreed to pay all indebtedness due such mechanics and laborers." The

agreement was in writing, and this action is based thereon. The cause was tried to a jury, and the plaintiff being success- ful, this appeal is prosecuted by the defendant.

*Phillips, Goode & Phillips* and *Henderson & Berry*, for appellant.

Cotemporaneous writings, instruments and acceptances, embracing a part of the undertakings of the parties, should be submitted to the jury to determine whether or not they are a part of the contract. (*Elmore v. Hopkins*, 20 Iowa, 254, and cases cited.)

*J. S. Clark* and *Bryan, Maxwell & Seevers*, for appellee.

Any benefit resulting to the party promising, or to a third person by the act of the promisee, or any inconvenience or loss to the promisee, however small, constitutes a considera- tion for a contract. (Chitty on Con., 9th ed., 431; 1 Pars. on Con., 5th ed., 28.) A corporation will be bound by the acts and representations of its agents the same as if it were an individual. (Angell & Ames on Corp., § 237; *Davenport v. P. M. F. Ins. Co.*, 17 Iowa, 282; *Indianola v. Jones*, 29 Id., 282.)

SEEVERS, CH. J.—I. The contract between Reichard and the defendant was left with Thomas Davis. There was but one original contract; all others referred to in the testimony were alleged copies. Davis, at the time the contract was made and left with him, lived at Indianola, Iowa, and so did all the other parties. Before the trial Davis had left Indian- ola, and at the time of the trial was residing at Leavenworth, Kansas. The testimony of Davis was not taken, and there was no positive and direct evidence showing where or who had the contract at the time of the trial, or that it was lost or mislaid. Some of the witnesses state that during the time Davis resided at Indianola they saw the contract at the bank. There are three witnesses who testify on this subject, the plaintiff, Hess, and David Hallam; the latter being one of the trustees of defendant. The plaintiff testifies that he saw it in 1868 in

the possession of Thomas Hallam, at David Hallam's bank, and Hess testifies to the same thing; the probability being that they both saw it at the same time. The testimony of Thomas Hallam was not introduced, and David Hallam states the only contract ever in his possession was one signed by him, and this was not so signed.

Under these circumstances the court admitted in evidence an alleged copy, against the objection of the defendant. In

1. EVIDENCE: copy of a writing. this there was clear and manifest error. The rule is clear and well settled, that before a copy of a writing can be introduced in evidence, the loss of the original must be satisfactorily shown. If the testimony of Davis and Thomas Hallam had been taken, much that now remains in doubt would have been made clear. It is urged, however, that the parties who signed the contract in behalf of defendant "made no question as to the correctness of the copy when on the stand as witnesses." Admitting this to be true, and yet we know of no authority that will justify the admission of the copy under such circumstances, certainly no such authority has been cited by counsel.

II. In the construction of a written contract, the circumstances surrounding its execution may be introduced in

2. ———: contract: construction. evidence for the purpose of aiding the court in properly construing it, where there is any doubt or ambiguity on its face. But where no such doubt exists, the rule is well settled, that the terms and conditions of the writing alone must determine the construction. It is doubtful, for instance, whether the plaintiff was one of the persons included within the terms of the contract; it was, therefore, proper to introduce evidence to dispel such doubt. But it was not proper, upon any sound and acknowledged principle, to admit the declarations of Reichard, as to what the parties intended, or what he intended, by the contract, or as to its meaning. In such matters as these the writing must speak for itself, for on its face it is clear and explicit. The only possible doubt is as to the time the mechanics were to be paid, but, as to this, even the declarations of Reichard as to the meaning and intent of the parties, were inadmissible.

III. The first clause of the fifth instruction is clearly erroneous for the reason there is no evidence tending to show that Reichard was in any way released by plaintiff from paying the indebtedness. It is equally clear, however, that the promise of Reichard to finish the buildings was a sufficient consideration to support the promise of the defendant to pay the mechanics. Such being true, the plaintiff was not driven to the necessity of relying on any or either of the matters stated in said instruction in order to show a consideration for the promise. Upon a re-trial, the sixth and seventh instructions should be modified so as to meet the views herein expressed as to the fifth instruction.

3. INSTRUCTION: applicability.

IV. In view of a re-trial, we desire to make some suggestions, without regarding ourselves absolutely bound thereby. 1. We incline to think there was no error in refusing the third instruction asked by defendant, for the trustees had full and explicit knowledge of the contract, and having recognized it by making payments in accordance with its terms, the defendant is estopped from repudiating it on the ground of a want of authority in the persons signing it. If this be true the fourth instruction was rightfully refused. We also incline to think, looking at the contract alone, the fair construction to be given to it is, that the plaintiff and other mechanics were to be first paid; that is, paid as soon as the contract was signed and the bond given by Reichard, and if the defendant afterward paid Reichard money on the contract, such bond was waived, and defendant is now estopped from insisting on that as a defense. If we are correct in this, then instruction five and a-half was properly refused; and this is true as to the ninth instruction. As to the sixth, seventh and eighth instructions, we incline strongly to think they should have been given. There was evidence tending to support the theory of these instructions, as the contract, order given by Reichard on the defendant in favor of the plaintiff, and the qualified acceptance thereof, are all dated on the same day, and the question whether they constituted one transaction, in the light of the other testimony as to when they were severally executed, was for the jury to determine.

REVERSED.