### HYLER v. WELLINGTON.

1. **Contract:** PAROL TESTIMONY TO VARY: AMENDMENT. A written contract for the transfer of an interest in a promissory note considered, and construed to constitute the transferee the absolute owner of the note, except so far as his ownership was qualified by the contract itself; and that an amendment to the petition, the object of which was to let in parol testimony to show a different intent, was properly rejected.

*Appeal from Dubuque Circuit Court.*

THURSDAY, DECEMBER 15.

ACTION for money alleged to have been collected by defendant for plaintiff. In September, 1876, the defendant received by indorsement from the plaintiff a promissory note of which she was the payee. The agreement under which the note was received by him was expressed in writing, which was as follows: "This certifies that Julia A. Hyler has placed in my hands for collection a note of Howard, Carroll & Ratcliff, for $500 and 10 per cent interest from December 3, 1875; my interest in said note being $400 and interest from this date at ten per cent per annum until paid; fifty dollars of the balance, if that amount or more is realized over and above my interest, to be paid to Mrs. Hyler when the note is sold, disposed of or collected.                    WM. E. WELLINGTON."

The whole note was collected and the whole proceeds were retained by the defendant. She claims that he was entitled to

retain only $400 and the interest thereon, and she brings this action to recover the balance. There was a trial by jury and a verdict and judgment were rendered for the plaintiff for $50.60. The plaintiff appeals.

*James H. Shields*, for appellant.

*Fouke & Lyon*, for appellee.

ADAMS, CH. J.—During the progress of the trial the plaintiff asked leave to amend her petition, and leave was refused. She complains of the action of the court in this respect. ·

The amendment which the plaintiff asked leave to make averred in substance that the plaintiff purchased certain ma-

1. CONTRACT: parol testimony to vary: amendment.

chinery of the defendant at the agreed price of $400; that the note in question was transferred to the defendant for the purpose only of transferring to him, in payment for the machinery, an interest in the note to the extent of $400 and interest to accrue thereon at 10 per cent; that the understanding, had verbally, was that the defendant was to account to her for all proceeds of the note in excess of the interest transferred in payment for the machinery; and · that was the true intent of the written agreement executed to her by the defendant for the purpose of showing the terms upon which he received the note.

The court, in our opinion, did not err in disallowing the amendment. The object of the amendment was to let in parol evidence as to the meaning of the agreement. The plaintiff's position is that the agreement by its terms does not clearly show whether the defendant was bound to pay to the plaintiff more than fifty dollars from the proceeds or not, in case there was more than fifty dollars collected in excess of the $400 and interest thereon, and her proposition of law is that where the parties to a written agreement have not clearly expressed their intent it is competent to show by parol what their intent was, provided only the parol evidence of their intent does not contra-

dict the written evidence.   In support of this proposition she cites *Grimes v. Centenary College*, 42 Iowa, 591.   But a careful examination of that case, we think, wi l show that it does not hold the doctrine contended for.   In that case the defendant had agreed to pay the "mechanics and laborers" of one Reichard.   The action was brought upon the agreement by a person who claimed to be one of the mechanics.   It was said in the opinion that the alleged fact that he was one of them might be shown by parol.   But the office of such evidence was merely to apply the language of the contract to the persons intended.

There was no occasion in the case at bar to apply the language of the contract by parol evidence to any specific thing or person, nor do we think that there was any such ambiguity as to let in parol evidence.

It is very clear that for some consideration, it matters not what, the defendant acquired an interest in the note to the extent of $400, which amount, with interest which should accrue thereon, should be retained by the defendant from the proceeds; and that his right thereto should be paramount to any right of the plaintiff in the note.   It is equally clear that $50 was to be paid the plaintiff, if that amount should be collected in excess of the $400 and interest, and that her right to be paid the $50 was paramount to the right of the defendant to be paid for his services if he was to be paid.   As to what was to be done with the balance the agreement does not expressly provide. But we cannot hold that it was to be paid to the plaintiff and give any reason for the specific provision whereby the defendant was to pay her $50.   The plaintiff contends that the meaning of that provision is that she was to have that amount whatever he might sell the note for, and that the balance was contingent.   But we cannot so regard it because the payment to her of the $50 was expressly made contingent upon its being realized.

By the transfer of the note to the defendant he became the

*prima facie* owner thereof, and he must be regarded as the owner except so far as his ownership was qualified by the written agreement which was given for that purpose. That provides for the payment to the plaintiff of the sum of $50 upon a certain contingency. The contingency has happened, and that sum is due her. The balance we must assume that the defendant was to retain. We think that the plaintiff has recovered to the full amount of her contract and has no reason to complain.

AFFIRMED.