### OSCAR REINSTEIN *vs.* FRANK J. WATTS.

Somerset.   Opinion December 17, 1891.

*Contract.   Bailment.   Risk against fire.   Consideration.*

The reception of merchandise by a bailee under an invoice distinctly stating that such merchandise is at the risk of the bailee against loss by fire or otherwise until returned, no other agreement appearing, conclusively implies a promise upon the part of the bailee to assume such risk.

The bailment is a sufficient consideration for such promise.

ON EXCEPTIONS.

This was an action of assumpsit. Besides a count upon an account annexed there were also in the declaration two counts upon special promises and a count on a special contract of bailment to the defendant to receive, make up and return at his risk a certain quantity of coats to the plaintiff, which were destroyed by fire while in the defendant's possession under the contract. This special count is as follows :—

"Also, for that on the first day of May, A. D., 1890, at said Norridgewock, said defendant was desirous of contracting with

said plaintiff to make coats for plaintiff for a consideration to be paid by said plaintiff, and as an inducement to the plaintiff to enter into such contract, and for that purpose to intrust to said defendant large quantities of plaintiff's coats from time to time, promised said plaintiff that he would keep all coats of the plaintiff so intrusted to him, insured for the plaintiff's benefit, so that if the same were lost or damaged by fire, the plaintiff would thereby recover compensation therefor.   And the plaintiff, relying on said promise of the defendant and by reason thereof, entered into said contract and intrusted to said defendant as aforesaid his coats from time to time, and did not insure them because of his reliance on said promise, but the defendant, wholly disregarding his said promise, did not keep said coats of said plaintiff so intrusted to him, insured.   And on the 17th day of September, A. D., 1890, at said Norridgewock, a large amount of the plaintiff's coats in the defendant's manufactory then and there being, to wit., two hundred and twenty-nine coats of the value of sixteen hundred and nineteen dollars and seventy-two cents, were burned up and destroyed, and by reason of said defendant's failure to keep his said promise were wholly lost to the plaintiff."

After the evidence was closed the presiding justice directed a verdict for the plaintiff in the sum of thirteen hundred and fifty-eight dollars and thirty-seven cents, which sum was agreed upon by the parties as the value of the goods, provided any verdict was to be rendered for the plaintiff upon the evidence in the case.

The defendant offered to prove that Mr. Nye, one of his witnesses, commenced to work for him May 6, 1889, and was in his employ up to August 25, 1889, and that during said time said Nye did not go to Boston for him, nor did he take any goods from plaintiff for him to manufacture for plaintiff, which testimony was excluded.

The defendant excepted to these directions and rulings.

The invoice under which the goods were shipped by plaintiff to the defendant is of the following form :

"NOTICE.

"We hereby give notice that we shall, in all cases, require our work both sewing and pressing, neatly and thoroughly done.  Seams must be firmly and closely sewed, stitching neatly done, button-holes well worked, and but-

tons properly sewed on and wound, and firmly stayed and tacked through; and in other cases where stays are required, or seams covered, they must be done in a workmanlike manner; and where cords or bindings are used, great care must be taken in putting them on with neatness; and the whole garment, when finished, must show an air of neatness and good workmanship, as well as strength and durability.

"When work is received by us it will undergo a rigid examination, and in all cases where it does not come up to the standard of work above described, it will be rejected, and charged to the maker, or repaired at his expense, as may be for our interest.

"The maker to pay all expenses for freight and other charges, and the goods to be at his risk against loss by fire or otherwise, until returned to us.

"All errors to be reported immediately on receipt of goods.

"All the wadding sent must be put into the garments, or they will be re-wadded at your expense.

"Tickets must be strongly sewed on, and care used to put them on sizes to which they belong.

"All work to be paid for Saturday must be returned by Friday.

Boston,—— 188– Memorandum from O. Reinstein.   To—— Lot——
No. of Garment—— Description—— Price——"

*George C. Wing and Edward Lowe*, for plaintiff.

*Merrill and Coffin, C. A. Harrington* with them, for defendant.

EMERY, J.   The undisputed facts are these :   The plaintiff was a wholesale clothing dealer in Boston.   It was a part of his business to cut and trim garments and send them out to different shops to be made up and returned to him.   The defendant had a shop in Norridgewock where he carried on the business of taking in such garments, making them up and returning them to the clothing dealers.   At one time the defendant, either in person or through an agent, applied to the plaintiff for garments to be sent him to make up and return as above described.   The prices for making were agreed to, and from time to time thereafter several lots of such garments were sent by the plaintiff to the defendant to be thus made up and returned.   As each lot was started from Boston for Norridgewock an invoice thereof was sent by mail by the plaintiff and was received by the defendant before the arrival of the garments at Norridgewock. On the top of each invoice was the printed word "NOTICE" in large letters and under this word, among other items, was the following printed item :

"The maker to pay all expenses for freight and other charges,

and the goods to be at his risk against loss by fire or otherwise, until returned to us."

The defendant received the garments into his shop and proceeded to make them up. While engaged in this work and before he had returned all the garments a fire destroyed his shop and also the last two lots of garments sent by the plaintiff.

There was no evidence contradictory of the above and the defendant did not deny having received the invoices and read the notice on them as above stated.

The plaintiff brought an action of assumpsit to recover the value of the garments he had intrusted to the defendant and which the defendant had not sent back to him. His declaration, among several counts, contained one on a special contract of bailment to the defendant to receive, make up, and return at his own risk. The plea was the general issue. Upon these pleadings and the above undisputed evidence, the presiding justice directed a verdict for the plaintiff, and the defendant excepted.

We think the defendant's acceptance of the garments to make up and return, under the distinct notice in the previous or contemporaneous invoice, that they were "to be at his risk against loss by fire or otherwise until returned," constituted an acceptance by him of those terms of the bailment to him, no agreement to the contrary being shown. Such notice and acceptance of the bailment under it, are clear and undisputed evidence of the contract declared on, of a contract by the defendant to assume the risk of loss by fire and to be accountable in all events for the return of the garments. *Harmon* v. *Salmon Falls Mfg. Co.* 35 Maine, 447 ; *Maker* v. *Maker*, 74 Maine, 104 ; *Grace* v. *Adams*, 100 Mass. 505 ; *Kirkland* v. *Dinsmore*, 62 N. Y. 71 ; *Fonseca* v. *Steamship Co.* 153 Mass. 553.

The intrusting the garments by the plaintiff to the defendant to be made up for a given price, constituted a consideration on the plaintiff's part for the contract on the defendant's part to re-deliver at all hazards. The parties to a bailment *locatio operis faciendi* may lawfully make such a stipulation a part of the contract. Story on Bailments, 426 a. The bailor may decline to make the bailment unless the bailee will so stipulate,

and if the bailee does so stipulate in order to secure the bailment to him and does thereby obtain it, such bailment is a valid consideration for the stipulation.

There was at the trial some conflict of evidence as to whether the plaintiff also verbally notified the defendent before any garments were sent, that they would be at the defendant's risk, if sent. The defendant only contended, however, that nothing at all was said about such risk or insurance prior to the receipt of the invoices. In our view of the case, it is immaterial whether such prior verbal notice was given or not and the exclusion of evidence on that question was not prejudicial to the defendant. The written notice was undisputed.

*Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, FOSTER and HASKELL, JJ., concurred.