## A. H. GRADY v. CON SCHWEINLER.

Opinion filed Nov. 13, 1907.

**Bailment — Contract and Statutory Liability.**

1. A contract of hire between bailor and bailee that the bailee will return a stallion in as good condition as when received or pay for it creates a liability on the bailee greater than that imposed by law in the absence of a special contract—that of ordinary care.

**Same.**

2. Under such a contract, the bailee is liable for the value of a. stallion that died of disease while in the bailee's possession, although without fault on his part.

**Same.**

3. Under such a contract, the bailee becomes an insurer for the return of the stallion.

**Same — Action on Contract — Pleading.**

4. A complaint states a cause of action in such a case when it pleads the contract and a refusal to perform it after due demand,. without any allegation of negligence.

Appeal from District Court, Barnes county; *Winchester,* Special Judge.

Action by A. H. Grady against Con Schweinler. Judgment for defendant, and plaintiff appeals.

Reversed and remanded.

*Lee Combs,* for appellant.

A bailee may enlarge his legal responsibility by contract, express or implied. Butler v. Green, 68 N. W. 496; Lance v. Griner, 53 Pa. St. 204; Sturm v. Baker, 150 U. S. 329, 14 L. Ed. 99; Rohrabacher v. Ware, 37 Iowa, 85; Harris v. Howard, 56 Vt. 695;. Reinstein v. Watts, 84 Me. 139; Austin v. Miller, 74 N. C. 274; Van Tall v. Southeastern R. Co., 12 C. B. N. S. 75; Walker v. York, etc., R. Co., 2 C. L. R. 237; Sweitzer et al. v. Pinconing Lumber Co., 26 N. W. 762; Vanwormer v. Crane, 16 N. W. 686;. Harvey v. Murray, 136 Mass. 377; Drake v. White, 117 Mass. 10; Stevens v. Webb, 7 C. & P. 60; State v. Worthington 7 Ohio· 171.

Where plaintiff proves the contract of bailment, delivery of chattel to bailee in good condition, and its destruction, a prima facie

case is made, and defendant must rebut the presumption of negligence and has burden of proof. Marshall v. Andrew & Gage, 8 N. D. 364, 79 N. W. 851; Sulpho-Saline Bath Co. v. Allen, 92 N. W. 354; Cummins et al. v. Wood, 92 Am. Dec. 189; Donlon v. Clark, 45 Pac. 1; Sheldon v. Robinson, 26 Am. Dec. 726; Ouderkirk v. Bank, 23 N. E. 875; Davis v. Tribune Co., 72 N. W. 808, 5 Cyc. 217; Burnell v. Railroad Co., 45 N. Y. 184; Schwerin v. McKie, 51 N. Y. 180; Steers v. Steamship Co., 57 N. Y. 1; Claflin v. Meyer, 75 N. Y. 260.

*Herman Winterer* and *D. S. Ritchie,* for respondent.

The chattel being delivered without transfer of title the contract was primarily one of bailment. Scott Mining and Smelting Co. v. Schultz & Clary, 73 Pac. 903; Porter v. Duncan, 23 Pa. Super. Ct. 58; State v. Sienkiewiez, 55 Atl. 346; Bates v. Bigby, 51 S. E. 717.

The bailee is not an insurer. Fairmont Coal Co. v. Jones & Adams Co., 134 Fed. 711; Knights et al. v. Piella, 69 N. W. 92; Seevers v. Gabel, 62 N. W. 669; St. Paul & Sioux City R. R. Co. v. Minneapolis & St. Louis Ry. Co., 26 Minn. 243; World's Columbian Exposition v. Republic of France, 91 Fed. Rep. 64; Lake Mich. Car Ferry Transportation Co. v. Crossby, 107 Fed. 723; Drudge v. Leeter, 63 Am. St. Rep. 359; Shropshire v. Sidebottom, 30 Mont. 406, 76 Pac. 941; Adams v. New Jersey Steamboat Co., 56 Am. St. Rep. 616; Dinsmore v. Abbott, 89 Me. 373.

Plaintiff having let his horse for a specific purpose assumes risks incident thereto, except what is due to the negligence or fault of bailee. Leach v. French, 31 Am. Rep. 296; Buis v. Cook, 60 Mo. 391; Carrier v. Dorrquance, 19 S. C. 30; Algon v. Grande Ronde Lumber Co., 81 Pac. 385; Sanderson v. Collins, 73 Law J. K. B. 358; Daily v. Black, 92 Mo. App. 228.

Burden of proof of negligence against bailee for hire is upon plaintiff. Story on Bailments, sections 213 and 410; Schouler on Bailments and Carriers, section 23; Schmidt v. Blood, 24 Am. Dec. 143; Foot v. Stoors, 2 Barb. 326; Harrington v. Schneider, 3 Barb. 380; Malaney v. Taft, 15 Atl. 326; Bissell v. Harrison Co., 95 N. W. 779; Wisecarver v. Long & Camp, 94 N. W. 467; James v. Orrell, 57 S. W. 931; Knights et al. v. Piella, 69 N. W. 92; Standard Brewery v. Hales & Curtis Malting Co., 70 Ill. App. 363; Stacy v. Knickerbocker Ice Co., 54 N. W. 1091; Dinsmore v. Abbott, 89

Me. 373; Higman v. Carmody, 57 Am. St. Rep. 33; Cook v. National Express Co., 1 Lack. Leg. N. 289.

Where a horse, without the fault of the hirer, dies, the loss and expense fall upon the owner. Leech v. French, 31 Am. Rep. 296; Buis v. Cook, 60 Mo. 391; Malaney v. Taft, supra; State v. Burke, 14 Am. Rep. 60; Britton v. Aymar, 23 La. Ann. 63; McEvers v. Sangamon, 22 Mo. 187; Haralson v. Hahl, 85 S. W. 1008; Alden v. Grande Ronde Lbr. Co., supra; Vroman v. Kryn, 86 N. Y. S. 94; Wisecarver v. Long & Camp, supra; Daily v. Black, 92 Mo. App. 228; Pussey v. Webb, 47 Atl. 701.

MORGAN, C. J. Plaintiff brings an action for damages against the defendant for the value of a stallion delivered by him to the defendant on a contract of bailment. The stallion was delivered to the defendant for serving his mares for the agreed sum of $5 a foal. The complaint alleges plaintiff's ownership of the stallion, the value thereof, his delivery to the defendant under an express contract that defendant would return him to the plaintiff, and, in case that he should be unable to return him, then defendant would pay plaintiff the value of said stallion, and that plaintiff demanded his return to him or payment of the value thereof, which was refused by the defendant. Judgment is demanded for the sum of $400. The answer admits that said stallion was delivered to the defendant for the purposes alleged in the complaint, but denies that he agreed to pay for said stallion in case of his inability to return him upon demand. The answer further alleges that the stallion was sick when delivered to defendant, and that plaintiff knew of such sickness, and, that in consequence of such sickness, the stallion died soon after his delivery to defendant, without any fault or negligence on his part. A jury was impaneled, and, at the close of plaintiff's case, the trial court directed a verdict for the defendant, and judgment was thereafter entered on the verdict, and plaintiff has appealed from said judgment.

The only assignments of error relate to the action of the court in directing a verdict for the defendant. These assignments render it necessary to determine the plaintiff's rights under the contract as set forth in plaintiff's evidence. The motion for a directed verdict was based upon the alleged grounds that the evidence shows that the stallion died before the contract of hire under which he was turned over to defendant had terminated, without any fault or

negligence on defendant's part, and that the contract of hire was not binding on defendant for the reason that a return of the stallion became impossible by reason of his death without any fault on defendant's part. The question is squarely presented whether plaintiff can recover under the facts, independent of any question of negligence or fault on defendant's part. The complaint contains no allegation of fault or negligence as a basis for recovery, but is framed upon the theory of liability on a contract of hiring, and in addition, of insurance, if the horse was not returned. Plaintiff's evidence was as follows, which must be assumed to be true for the purposes of this appeal. Plaintiff testified: "He said: 'I will take the horse and return him in as good or better shape than I got him, and, if I don't, I will pay for him. I am good for him.' I agreed to let him have the horse to breed his mares at $5 a colt, provided he returned the horse as he got him, and, if he didn't, he should pay for him. Mr. Schweinler said he would take him on those terms, and if he didn't return him as good as he got him, he would pay for him." A witness for plaintiff testified: "Mr. Schweinler said he would fetch the horse back in as good condition as he took him, or, if anything happened, he would pay for him." The appellant's contention is that the relative rights of the plaintiff and defendant, as bailor and bailee, must be determined from the contract of bailment, and not by the general rules of liability under the law of bailments. We have no doubt of the correctness of this contention. Parties are permitted to make their own contracts in reference to their mutual rights and liabilities under bailments of property as well as in reference to other subjects, but, of course, are not permitted to contract in contravention of positive law or public policy, and perhaps may not in all cases relieve themselves from the results of their own negligence. In this case the language was positive and unequivocal that the bailee was to pay for the horse if he was unable to return him for any reason. If anything happened to the horse, making a return impossible, payment was to be made. This language permits of no exceptions, but implies an unconditional liability if the horse could not be returned. It does not permit of the meaning that the horse was to be paid for only in case of its loss through the bailee's fault or negligence. It creates the bailee an insurer of the return of the horse when the purposes of the bailment have been accomplished and a return demanded. The authorities firmly indorse this principle.

As stated by Shouler in his work on Bailments, section 106: "Whatever lawful terms may have been introduced by their contract for the purpose of qualifying the method or risk of performance should be given full force, whether expressely set forth or only implied." In Steele v. Buck, 61 Ill. 343, 14 Am. Rep. 60, the court said: "The principle that lies at the foundation of the series of authorities, English and American, on this question, is that the party must perform his contract, and, if loss occurs by inevitable accident, the law will let it rest upon the party who has contracted that he will bear it." In that same case the following was cited with approval: "Where a party, by his own contract, creates a duty or charge upon himself, he is bound to make it good, if he may, notwithstanding any accident by inevitable necessity, because he might have provided against it by his own contract. If a party entered into an absolute contract, without any qualifications or specifications, and receives from the party with whom he contracts the consideration for such engagement, he must abide by the contract, and either do the act or pay damages, if liability arises from his own direct and positive undertaking." In Drake v. White, 117 Mass. 12, the court said: "In the present case the parties have reduced their contract to writing and have omitted to attach to the defendant's liability for the property any limitation whatever. On the contrary, their express promise is to do one or the other of two things—either to return the property specifically, or to pay for it in money. There can be no doubt that if a creditor sees fit to accept a deposit of security upon such terms, and to place himself in the position of an insurer of its safety, he can legally do so. It is not difficult to suppose a case in which the party might find it convenient that the business of guarding against the risk of fire or other accident should be attended to by the depositary. But, however that may be, the proper interpretation of the contract is to be determined by the general rules of construction recognized by the law; and, if the parties have improvidently made their contract more onerous than they expected, the difficulty cannot be removed by a violation of these rules." In Butler v. Greene, 49 Neb. 280, 68 N. W. 496, the court said: "If the defendant contracted to keep the watch in the vault of the bank, and if it was lost by reason of his failure to do so, he was liable without regard to the general principles of the law of bailment. He had made a contract, and he was liable for all damages resulting from his failure

to perform it. If he had no right to keep the watch in the vault, that was his affair, and not the bailor's. The contract was not to keep the watch in the vault if the bank permitted it, but it was absolute; and it was the pledgee's business to see that he had authority to keep it there. If he had not, he should not have made the contract." See, also, Hale on Bailments & Carriers, p. 28, and cases cited; Lance v. Griner, 53 Pa. 204; 5 Cyc. p. 185, and cases cited; Sturm v. Boker, 150 U. S. 312, 14 Sup. Ct. 99, 37 L. Ed. 1093; Harvey v. Murray, 136 Mass. 377; Rohrabacher v. Ware, 37 Iowa, 85; Standard Brewery v. Malting Co., 171 Ill. 602, 49 N. E. 507; Fairmont Coal Co. v. Jones & Adams Co., 134 Fed. 711, 67 C. C. A. 265; Reinstein v. Watts, 84 Me. 139, 24 Atl. 719; Austin v. Miller, 74 N. C. 274.

Respondent contends that the contract imposes only such liability as the law would impose without it. Without any special contract, the law would impose on the defendant the duty to use ordinary care, and, in case of the death of the animal without defendant's fault, he would not be responsible. In this case, as we have shown, the contract went further, and enlarged the obligations of the bailee in respect to those devolving on him where no special contract exists. The principle contended for, therefore, has no application. The fact that the horse died while in defendant's possession without his fault, is not a defense in view of the existing contract shown by the evidence and presumed to be true for the purposes of this appeal. The plaintiff having alleged and proved the contract, a breach thereof, demand, and a refusal to comply therewith, stated a cause of action in the complaint, and the same was established by the evidence without any showing of negligence.

The judgment is reversed, a new trial granted, and the cause remanded for a new trial. All concur.