THE TRIANGLE FILM CORP. *v.* SAKS.

*Bailments — Theater fire destroys films — Bailee liable, when — Contracts.*

A petition on a contract of bailment, which provides "That persons * * * taking the service specified in the order shall pay for any property * * * lost, destroyed, or damaged, natural wear and tear excepted," and avers that the article bailed was destroyed by fire while in the possession and under the control of the bailee, states a cause of action without averring any negligence on the bailee's part.

(Decided September 2, 1917.)

ERROR:   Court of Appeals for Ashtabula county.

*Messrs. Squire, Sanders & Dempsey,* for plaintiff in error.

*Mr. E. D. Loose,* for defendant in error.

METCALFE, J.   A demurrer was sustained to the plaintiff's petition in the common pleas court, and the correctness of that ruling is the only question that we have here.

The petition recites that the plaintiff is a corporation engaged in the business of furnishing moving-picture films to various theaters; that the plaintiff and the defendant, Helen Saks, entered into a contract, by the terms of which the plaintiff agreed to furnish the defendant for use in her theater, called The Strand, in the city of Conneaut, Ohio, nine hundred linear feet of films each week; that the contract was in writing and contained the following provision, "That persons, co-partnerships, or corporations taking the film service specified in the order shall pay for any property of Triangle Film Corporation lost, destroyed, or damaged, natural wear and tear excepted, at the rate of $.20 per linear foot for all films;" and that on the 14th day of March, 1916, a quantity of films which plaintiff furnished to defendant was destroyed by fire while in the defendant's possession and control.

No negligence on the part of the defendant is averred in the petition.

Defendant in error contends that the furnishing of the films by the plaintiff to the defendant for hire renders defendant liable only for any loss or damage which occurs through her negligence. We do not think there is any question but that the contract stated in the petition is a contract of bailment; but such a contract is governed by its specific terms just the same as any other contract.

The contract in question by its provisions is not a contract to return goods, natural wear and tear

excepted, but is a contract to pay for them if lost, or destroyed, except by natural wear and tear. It makes no other exception. Under it the bailee became the insurer of the property, if lost or destroyed while in her possession or under her control, and the burden would be upon her to prove any circumstances which might relieve her from that liability, if any such exist.

The above provision of the contract is too plain to be construed in any other way. The law upon this subject is very clearly stated in the 3 R. C. L., Section 30:

"While, in the absence of a special agreement, the law of bailments outlines definitely the degree of responsibility imposed on a bailee for the care of the thing bailed, this does not prevent the parties from making their own contract in reference to their mutual rights and liabilities under bailments of property as well as in reference to other subjects, and, generally speaking, it seems that they may by express contract enlarge, abridge, qualify, or supersede the obligations which otherwise would arise from the bailment by implication of law. Thus where a bailee enters into a special contract to return the property in good condition or to pay its value he is an insurer, and if loss occurs while it is in his possession though without his fault, he is liable for its value."

*Grady* v. *Schweinler,* 16 N. D., 452, 14 L. R. A., N. S., 1089; *Seevers* v. *Gabel,* 94 Ia., 75, 27 L. R. A., 733; *Marks* v. *New Orleans Cold Storage Co.,* 107 La., 172, 57 L. R. A., 271; *Gashweiler* v. *Wabash, St. L. & P. Ry. Co.,* 82 Mo., 112, 53 Am. Rep., 558; *Canfield* v. *B. & O. Rd. Co.,* 93

N. Y., 532; *Johnson* v. *Meeker,* 96 N. Y., 93, and *Browning* v. *Hanford,* 5 Hill (N.Y.), 588, 40 Am. Dec., 369.

The rights of the parties are to be determined by the express provisions of the contract and not by the common law.

*Judgment reversed.*

POLLOCK and FARR, JJ., concur.