METCALFE, J.
A demurrer was sustained to the plaintiff’s petition in the common pleas court, and the correctness of that ruling is the only question that we have here.
The petition recites that the plaintiff is a corporation engaged in the business of furnishing moving picture films to various theaters; that the plaintiff and defendant, Helen Sabs, entered into a contract by the terms of which the plaintiff agreed *254 to furnish the defendant, for use in her theater called the Strand in the city of Conneaut, Ohio, 900 linear feet of films each week; that the contract was in writing and contained the following provision, “That persons, copartnerships, or corporations taking the film service specified in the order shall pay for any property of Triangle Film Corporation lost, destroyed, or damaged, natural wear and tear excepted, at the rate of $.20 per linear foot for all films. ’ ’ On March 14,1916, a quantity of films which plaintiff furnished to defendant were destroyed by fire while in the defendant’s possession and control. No negligence on the part of the defendant is averred in the petition.
Defendant in error contends that the furnishing of the films by the plaintiff to the defendant for hire the defendant can only be held liable for any loss or damage which occurred through their negligence. We do not think there is any question but that the contract stated in the petition is a contract of bailment, but such a contract is governed by its specific terms just the same as any other contract.
The provision of the contract in question is not a contract to return goods, natural wear and tear excepted, but is a contract to pay for them if, lost, or destroyed, except by natural wear and tear. It makes no other exception. Under it the bailee became the insurer of the property, if lost or destroyed while in her possession or under her control, and the burden would be upon her to prove any circumstances which might relieve her from that liability, if any such exists.
This provision of the contract is too plain to be construed in any other way. The law upon this subject is very clearly stated in the 3 R. C. L. 105, Sec. 30:
“While in the absence of a special agreement the law of bailments outlines definitely the degree of responsibility imposed on a bailee for the care of the thing bailed, this does not prevent the parties from making their own contract in reference to their mutual rights and liabilities under bailments of property as well as in reference to other subjects, and generally speaking it seems that they may, by express contract, enlarge, abridge, qualify, or supersede the obligation which otherwise would arise from the bailment by implication of law. Thus *255 where a bailee, enters into a special contract to return the .property in good condition, or to pay its value, he is an insurer, and if loss occurs while, it is in his possession, he is liable for its value.”
Grady v. Schwinler, 16 N. D. 452 [113 N. W. 1031; 14 L. R. A. (N. S.) 1089; 125 Am. St. 674; 15 Ann. Cas. 161]; Seevers v. Gabel, 94 Iowa 75 [62 N. W. 669; 27 L. R. A. 733; 58 Am. St. 381]; Marks v. Cold Storage Co. 107 La. 172 [31 So. 671; 57 L. R. A. 271; 90 Am. St. 285]; Geisweiler v. Railway Co. 83 Mo. 112 [53 Am. Rep. 558]; Canfield v. Railway Co. 93 N. Y. 532 [45 Am. Rep. 268]; Johnson v. Miller, 96 N. Y. 93 [48 Am. Rep. 609]; Browning v. Hanford, 5 Hill (N. Y.) 588 [40 Am. Dec. 369],
The rights of the parties are to be determined by the express provisions of the contract and not by the common law.
The judgment is reversed.
Pollock and Farr, JJ., concur.